UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60294-CIV-MORENO/SIMONTON

ABM FINANCIAL SERVICES, INC.,

    Plaintiff,

v.

EXPRESS CONSOLIDATION, INC.,

    Defendant.

_____/

## CLARIFICATION OF REPORT AND RECOMMENDATION ON MOTION TO DISMISS

This matter is before the Court *sua sponte*. The Report and Recommendation previously entered which recommended denial of the motion to dismiss inadvertently quoted the oft-used language from *Conley v. Gibson* that a "complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 78 S. Ct. 99, 102 (1957).

In *Bell Atlantic Corp. v. Twombly*, however, the Supreme Court "retired" this language, substituting a flexible "plausibility" standard under which a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." 127 S. Ct. 1955, 1965 (2007). In this regard, the Court stated, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

To the extent that *Twombly* requires a greater pleading requirement than *Conley*, it does not affect the merits or analysis of the motion to dismiss in the case at bar because the complaint, accompanied by the allegedly breached Agreement, provide

ample facts to support the relief claimed, and the analysis set forth in the Report and Recommendation remains unchanged.  The complaint sets forth sufficient facts to state a claim to relief that is plausible on its face.

However, the undersigned determined that it was appropriate to strike from the Report and Recommendation the "retired" language quoted from *Conley v. Gibson*,[1] and substitute the following:

> To survive a motion to dismiss, the complaint must allege facts sufficient "to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

It is, therefore,

**ORDERED AND ADJUDGED** that the Report and Recommendation filed on March 3, 2008 (DE # 82) is clarified as set forth above.

**DONE AND ORDERED** in Chambers in Miami, Florida on March 11, 2008.

_____
**ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE**

**Copies to:**
**The Honorable Federico A. Moreno, Chief United States District Judge
All counsel of record**

---

[1] **This language appears in the final sentence of the first paragraph in Section II.A ("Framework for Analysis"), and in the final paragraph of Section II.C ("Count 1 – The Breach of Contract Claim") in the Report and Recommendation (DE # 82 at 4 & 14).**