# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 07-60294-CIV-MORENO/TORRES

ABM FINANCIAL SERVICES, INC.

      Plaintiff/Judgment Creditor,

vs.

EXPRESS CONSOLIDATION, INC.,

      Defendant/Judgment Debtor.

_____/

## ORDER ON PENDING MOTIONS

This matter is before the Court upon Plaintiff/Judgment Creditor ABM Financial Services, Inc.'s ("ABM") Motion [D.E. 142] To Commence Proceedings Supplementary To Execution, For Leave To File Complaint For Avoidance of Fraudulent Transfers and Successor Liability, and To Implead Randall L. Leshin, P.A., Debt Management Counseling Center, Inc. and Randall L. Leshin.  The Motion was referred to the undersigned for disposition. [D.E. 146].  The Court has considered the Motion and affidavit in support of the Motion, Defendant's response in opposition filed through Randall Leshin, Esq., and ABM's reply.  The Court has also considered the arguments raised in opposition that incorporate a Motion to Strike filed by Defendant Express Consolidation [D.E. 144], which ABM opposes [D.E. 147].  These motions are ripe for adjudication.

Proceedings supplementary may be brought pursuant to Fed. R. Civ. P. 69 and Fla. Stat. § 56.29.  Rule 69 provides that state law concerning supplementary post-judgment proceedings will govern to the extent that it is not preempted by federal law. *Allied Indus. Int'l, Inc. v. AGFA-Gavaert, Inc.*, 688 F. Supp. 1516, 1517 (S.D. Fla. 1988).

Proceedings supplementary provide a "useful, efficacious, and salutary remedy at law enabling the judgment creditor not only to discover assets which may be subject to his judgment, but to subject them thereto *by a speedy and direct proceeding in the same court in which the judgment was recovered.*" *Regent Bank v. Woodcox*, 636 So. 2d 885, 886 (Fla. 4th DCA 1994) (emphasis in original) (citation omitted).  They are designed to avoid the necessity of a judgment creditor having to initiate an entirely separate action in order to reach assets of a judgment debtor. *Id.*; *Tomayko v. Thomas*, 143 So. 2d 227, 229 (Fla. 3d DCA 1962) (statutory proceedings supplementary to execution are a substitute for a creditor's bill which was the traditional process for reaching assets of a judgment debtor); *Cuban Cigar Brands, NV v. Tabacalera Popular Cubana, Inc.*, 2008 WL 4279641, at *2 (S.D. Fla. Sept. 16, 2008) (the proceeding is "equitable in nature and should be interpreted liberally to ensure that a judgment creditor receives the most complete relief possible *without the necessity of initiating a separate action.*" (emphasis supplied) (internal citations omitted)); *Schwartz v. Capital City First Nat'l Bank*, 365 So. 2d 181, 183 (Fla. 1st DCA 1978) (legislative purpose is to allow a court to follow through with the enforcement of its judgment so there is no

need for an independent suit to reach property that legally should be applied to satisfy the judgment).

Through this statutory mechanism, the Florida Legislature intended to provide "a swift, summary disposition of issues through the relief of equitable remedies." *Mission Bay Campland, Inc. v. Sumner Fin. Corp.*, 72 F.R.D. 464, 466 (M.D. Fla. 1976). Proceedings supplementary are not independent causes of action but are post-judgment proceedings that permit a judgment creditor to effectuate a judgment lien that already exists. *Zureikat v. Shaibani*, 944 So. 2d 1019, 1022 (Fla. 4th DCA 2006); *Buckley v. Pappas*, 2 So. 3d 376, 378 (Fla. 4th DCA 2008) (same). Section 56.29 does not create any substantive rights of recovery; it is a procedural mechanism by which a judgment creditor may investigate assets of the judgment debtor that might be used to satisfy a judgment. *In re Hill*, 332 B.R. 835, 843 (Bankr. M.D. Fla. 2005); *Ryan's Furniture Exch., Inc. v. McNair*, 162 So. 483, 486 (Fla. 1935).

Impleading third parties in a proceeding supplementary to execution is necessary to acquire jurisdiction over them and to afford them the essential elements of due process. *Mission Bay Campland, Inc. v. Sumner Fin. Corp.*, 71 F.R.D. 432, 434 (M.D. Fla. 1976); *Allied Indus.*, 688 F. Supp. at 1518. It does not imply liability on the part of the impleaded parties but, rather, provides them with an opportunity to raise their defenses and protect their interests consistent with the requirements of due process. *Id.* at 435; *see also Tomayko,* 143 So. 2d at 229-30; *Ryan's Furniture*, 162 So. at 487. Thus, § 56.29 provides for impleading any party that may hold the judgment

debtor's property and ordering the impleaded party to appear before the court and show cause why the property should not be applied toward satisfaction of the judgment creditor's judgment.  After due process concerns have been met, the court may order any property of the judgment debtor, not exempt from execution, in the hands of an impleaded party to be applied toward satisfaction of the judgment debt.

For these reasons, the arguments raised in opposition to ABM's Motion for Leave to File a complaint for proceedings supplementary are meritless at this stage.  The response in opposition seeks, in effect, for the Court to dismiss ABM's complaint on its face and without factual development.  ABM's Motion and proposed complaint, however, likely allege sufficient facts to commence this post-judgment proceeding.  By granting the pending Motion, the Court is not addressing the merits of the issues raised, nor disposing of the factual arguments raised in the opposition and motion to strike.  Instead, the Court is merely granting ABM the ability to pursue its arguments, granting both parties the ability to obtain limited but necessary discovery into ABM's allegations, and leaving for another day resolution of the substantive issues raised by both parties.  And, consequently, the counter-motion to strike ABM's filing must be denied, without prejudice.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      ABM's Motion for Leave to File complaint in proceedings supplementary [D.E. 142] is **GRANTED**.

a.      ABM is authorized and entitled to commence proceedings supplementary and implead whatever third-parties are necessary for resolution of that complaint, consistent with Fed. R. Civ. P. 11.

b.      ABM shall file and serve its Complaint for Avoidance of Fraudulent Transfers and Successor Liability, attached to the Motion, upon the named respondents thereto.

c.      ABM may not, however, serve its Complaint by U.S. mail or the CM/ECF system.  To assure due process, ABM must effectuate proper service of process upon the named respondents, in accordance with Fed. R. Civ. P. 4.

2.      The Clerk is directed to issue summonses to all defendants/respondents identified in the Complaint and the Complaint shall operate under the same case number as set forth above, Case No. 07-60294-CIV-MORENO, with no additional filing fee required.

3.      Defendant's Motion to Strike [D.E. 144] is **DENIED** without prejudice to ultimate resolution of any issues raised in opposition to ABM's complaint in proceedings supplementary.

**DONE AND ORDERED** in Chambers at Miami, Florida this 16th day of March, 2011.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge